IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GRINNELL MUTUAL REINSURANCE
COMPANY,

                Plaintiff,

      v.

S.B.C. FLOOD WASTE SOLUTIONS,
INC., f/k/a FLOOD WASTE
SOLUTIONS, INC., BRIAN J.
FLOOD, SHAWN FLOOD,
CHRISTOPHER FLOOD, KAREN S.
COLEY, and FLOOD BROS.
DISPOSAL CO.,

                Defendants.

Case No. 18 C 4922

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

On March 14, 2022, the Court granted summary judgement in favor of Plaintiff Grinnell Mutual Reinsurance Company on Count 1, Recission of the Primary Insurance Policy(Dkt. Nos. 166, 167.). Defendants S.B.C. Waste Solutions, Inc. ("SBC" or "SBC Flood"), Brian Flood ("Brian"), Karen Coley, Shawn Flood ("Shawn") and Christopher Flood ("Chris") (collectively, the "Defendants") have moved for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 169).

## I. BACKGROUND

Familiarity with the Court's ruling at issue – reported at *Grinnell Mut. Reinsurance Co. v. S.B.C. Flood Waste Sols., Inc.,*

No. 18 C 4922, 2022 WL 767226, at *4 (N.D. Ill. Mar. 14, 2022) –
is assumed.  The Court refers generally to the facts therein.

## II.  LEGAL STANDARD

To prevail on a motion for reconsideration, the movant must
clearly establish a manifest error of law or fact or present newly
discovered evidence. FED. R. CIV. P. 59(e); *Lightspeed Media
Corporation v. Smith,* 830 F.3d 500 (7th Cir. 2016); *see Harrington
v. City of Chi.,* 433 F.3d 542, 546 (7th Cir. 2006) (internal
quotations and citations omitted) (The movant "must 'clearly
establish' one of the aforementioned grounds for relief."). Of
course, "a manifest error is not demonstrated by the disappointment
of the losing party." *Oto v. Metro. Life Ins. Co.,* 224 F.3d 601,
606 (7th Cir. 2000). It is well-settled that it is improper to use
a Rule 59(e) motion "to advance arguments or theories that could
and should have been made before the district court rendered a
judgment," *Sigsworth v. City of Aurora, Ill.,* 487 F.3d 506, 512
(7th Cir. 2007) (quoting *LB Credit Corp. v. Resolution Trust Corp.,*
49 F.3d 1263, 1267 (7th Cir. 1995)), nor should a movant seek to
relitigate losing arguments, *Ohr ex rel. National Labor Relations
Bd. v. Latino Exp., Inc.,* 776 F.3d 469, 478 (7th Cir. 2015). *See
Susinka v. United States,* 19 F.Supp. 3d 829, 834 (N.D. Ill. 2014).

### III.  DISCUSSION

In its Order granting summary judgment, the Court found that the undisputed material facts show Defendants provided false statements that materially affected the acceptance of risk assumed by Grinnell. (Order, Dkt. No. 166.) In their Motion for Reconsideration, Defendants explain why their interpretation of the facts leads to different conclusions than those of the Court. The differences between the arguments Defendants made in their briefing in opposition to summary judgment and those made in their motion for reconsideration are slight. Although the Court need not delve into the arguments that have already been raised or could have been raised prior to its ruling on summary judgment, the Court will address some of Defendants' points for clarity.

### A.  False Statements

The Court found Defendants made several false statements. In reaching this conclusion, the Court found Flood, Inc. acted as an alter ego for SBC Flood, thus, the omission of pertinent information about Flood, Inc. in its applications to Grinnell constituted a falsity. (Order at 14-15, Dkt. No. 166.)

Defendants argue that the Court erred in finding that Flood, Inc. was an alter ego for SBC Flood. Defendants explain that they had not realized that the Court would look to the law about entities acting as alter ego and thus had not presented its

arguments to why Flood, Inc. was not an alter ego for SBC Flood. The law existed prior to the briefing for summary judgement, and, had Defendants raised then the arguments they now raise, the Court's ruling would have been the same.

First, Defendants argue that the record did not contain enough undisputed facts to establish *all* the factors the Court may consider in determining the existence of an alter ego relationship. *See Van Dorn Co. v. Future Chemical and Oil Corp.,* 753 F.2d 565 (7th Cir. 1985). That argument wrongly treats factors as elements.

Second, Defendants dispute the Court's finding that certain factors were met. Defendants challenge the first *VanDorn* factor, failing to observe corporate formalities and missing corporate documents. Defendants claim, "Grinnell fails to identify any specific corporate records or formalities that are missing." Yet, Defendants acknowledge that "Defendants had poor recordkeeping." Defendants' claim, absent citations to the record, that SBC and Flood, Inc. now "have all necessary corporate formalities in place" fails to address the time at issue. Ultimately, Defendants have identified a legal conclusion they dispute, rather than a disputed fact.

Defendants then dispute a second factor, whether there was comingling of assets. They posit: "The fact that [Christopher Flood] was dumping his own personal waste at a waste facility and

telling that facility to invoice SBC proves nothing more than Christopher Flood was stealing from SBC." (Reply at 7, Dkt. No. 179.) Defendants' accusation is irrelevant as this case was never tasked with adjudicating a theft charge. The *fact* that he asked for the invoice to be sent to SBC is undisputed. This behavior remains consistent with a comingling of assets.

Defendants next dispute the factor of unity of interest and ownership, by challenging the allegation that Flood, Inc. treated the contracts and assets of SBC Flood as its own. Defendant admits that SBC "eventually took over [two] accounts serviced by Flood, Inc. after late February/early March 2018." (Reply at 8, Dkt. No. 179.) Thus, the fact of taking over contracts is not in dispute, and the Court found this fact, among others, demonstrable of unity of interest and ownership. The Court already explained why other facts disproved Defendants' repeated assertion that Brian and Chris Flood were not acting on behalf of either SBC or Flood Inc in multiple dealings with and solicitations of customers; professing to act in an individual capacity offers no sanctuary.

Aside from the falsities related to an unreported alter ego relationship, the record contains other falsities. It is undisputed that Brian and Chris Flood, who were officers of SBC Flood, received a legal demand to desist using the name Flood in another business connected to waste and recycling services. It

- 5 -

remains undisputed that they did not disclose this cease-and-desist letter to Grinnell. This omission is a falsity.

## B. Materiality

Defendants argue that failures to disclose this meeting and facts about its alter ego company were not material. A misrepresentation is material if it "affects either the acceptance of the risk or the hazard assumed by the company." 215 Ill. Comp. Stat. Ann. 5/154; *TIG Ins. Co. v. Reliable Rsch. Co.,* 334 F.3d 630, 635 (7th Cir. 2003). The Court determines whether "reasonably careful and intelligent persons would regard the facts as stated to substantially increase the chances of the event insured against, so as to cause a rejection of the application." *Id.* (quoting *Methodist Med. Ctr. of Illinois v. Am. Med. Sec. Inc.,* 38 F.3d 316, 320 (7th Cir. 1994)).

The fact that the cease-and-desist letter was received and that the company operates in high-risk activities are both undisputed. Moreover, the underwriter stated that this falsity was material. "Testimony from an insurer's underwriter may be used to establish the materiality of omitted information." *TIG Ins. Co. v. Reliable Rsch. Co.,* 334 F.3d 630, 635 (7th Cir. 2003) (citing *Methodist Med. Ctr.,* 38 F.3d at 320 ("Materiality may be established by the testimony of the insurer's underwriter or an employee of the insurance company.")). Defendants do not dispute

this statement but instead say that the Court gave it too much weight and instead should have accepted contradictory evidence in the record. Defendants cite unnamed exhibits to show inconsistencies between the underwriter's testimony, but they fail to explain any contradiction. It is not the Court's job to scour the thousands of pages to find support for an argument, especially on a motion for reconsideration.

To justify the omission of the cease-and-desist letter, Defendants explain that they did not subjectively view this item as worthy of disclosure. However, the law demands an objective test. Defendants confirm, "Grinnell argues that it is absurd for Defendants to take the position that an objectively reasonably person in Brian or Chris's shoes could form an entity called 'Flood LLC' or 'Flood LLP' and not consider that to be an occurrence that may give rise to a claim. Defendants have not even made this argument." (Reply to Motion to Alter, Dkt. No. 179 at 11.) The Court finds that cease and desist letter would be material to SBC Flood's risk profile from an objective view.

## IV. CONCLUSION

For the reasons stated herein, Defendants Motion for Reconsideration (Dkt. No. 169) is denied. Plaintiff's Motion to Strike (Dkt. No. 176) is denied as moot.

**IT IS SO ORDERED.**

- 7 -

_____
Harry D. Leinenweber, Judge
United States District Court

Dated: 3/31/2023