# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **GRINNELL MUTUAL REINSURANCE COMPANY,** | |
| Plaintiff, | |
| v. | |
| **S.B.C. WASTE SOLUTIONS, INC. f/k/a FLOOD WASTE SOLUTIONS, INC.; FLOOD, INC.; BRIAN J. FLOOD; SHAWN FLOOD; CHRISTOPHER FLOOD; KAREN S. COLEY; and FLOOD BROS. DISPOSAL CO.,** | Case No. 18 C 4922<br><br>Judge Harry D. Leinenweber |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

### I. BACKGROUND

On September 5, 2023, this Court entered an Amended Order in favor in Plaintiff Grinnell Mutual Reinsurance Company ("Grinnell") on each of its claims for rescission (Counts I, VII, and X of the Complaint) and on each of the Counterclaims of Defendants S.B.C. Waste Solutions, Inc. f/k/a Flood Waste Solutions, Inc., Brian J. Flood, Shawn Flood, Christopher Flood, and Karen S. Coley (collectively, "S.B.C.") (Counterclaim Counts I, II, III, and IV).

The Court now considers Grinnell's Amended Motion for Bill of Costs pursuant to Fed. R. Civ. P. 54(d)(1), Local Rule 54.1, and 28 U.S.C. § 1920. For the reasons stated herein, the Court GRANTS Grinnell's Motion.

## II. LEGAL STANDARD

Certain costs are subject to reimbursement to the prevailing party when a judgment is entered in its favor. *See* FED. R. CIV. P. 54; Local Rule 54.1 ("[u]nless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party."). District courts' discretion in awarding costs is "narrowly confined" and subject to a "strong presumption created by Rule 54(d) that the prevailing party will recover costs." *Contreras v. City of Chi.,* 119 F.3d 1286, 1295 (7th Cir. 1997). "Generally, only misconduct by the prevailing party worthy of a penalty . . . or the losing party's inability to pay will suffice to justify denying costs." *Id.* (quoting *Congregation of the Passion, Holy Cross Province v. Tourche, Ross & Co.,* 854 F.2d 219, 222 (7th Cir. 1988)). "[T]he losing party bears the burden of an affirmative showing that taxed costs are not appropriate." *Beamon v. Marshall & Ilsley Trust Co.,* 411 F.3d 854, 864 (7th Cir. 2005).

## III. ANALYSIS

Plaintiff seeks reimbursement of the following costs: (1) clerk and marshal fees; (2) transcript fees; and (3) witness fees.

28 U.S.C. § 1920(1) authorizes reimbursement for clerk and marshal fees. This includes fees for filing the complaint, as well as costs associated with summonses and subpoenas. *See Chamberlain Mfg. Corp. v. Maremont Corp.,* 1995 WL 169782, at *5 (N.D. Ill., Dec. 29, 1995) (noting that the method of service of summonses and subpoenas has changed since Section 1920(1)'s enactment, as private process servers now substitute

the U.S. Marshal, finding "the costs of private service are taxable under §1920(1)."). Grinnell is therefore entitled to recovery of clerk and marshal fees.

28 U.S.C. § 1920(2) authorizes reimbursement for "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." It is widely recognized that deposition costs may be "necessarily obtained for use in the case" where, as here, "'facts known at the time of the deposition . . . later render the deposition unneeded for further use.'" *Fields v. General Motors Corp.,* 171 F.R.D. 234, 235 (N.D. Ill. 1997). The transcripts identified in Grinnell's Amended Bill of Costs include the S.B.C. Defendants' depositions and three non-party witnesses. Grinnell deposed the non-parties to obtain information in support of its rescission claim regarding S.B.C. Flood Waste Solution, Inc.'s business operations prior to applying for insurance with Grinnell. (Dkt. No. 118 ¶¶ 16-17).

Grinnell also obtained copies of transcripts of S.B.C. Defendants' noticed depositions, which included five transcripts of current or former Grinnell employees. These transcripts were referenced or relied upon in briefing Grinnell's Motion for Summary Judgment. Grinnell's Amended Bill of Costs includes an itemization of the number of pages in each transcript, and the cap per page limit is consistent with the Judicial Conference rates, and the court reporter attendance fees are below the maximum attendance fees under Local Rule 54.1(b). Hence, Grinnell is also entitled to recovery of these transcript fees.

Finally, reimbursement of fees for witnesses are authorized under 28 U.S.C. § 1920(3) and 28 U.S.C. § 1821. Grinnell's Amened Bill of Costs includes the $40.00 daily attendance fees for three subpoenaed witnesses, which Grinnell may recover, too.

Because Defendants have not filed any Motion that they are unable to bear the $11,584.74.00 Plaintiff seeks or otherwise pled that the taxable costs are not appropriate, the Court must grant Plaintiff's Motion for Amended Bill of Costs.

### IV. **CONCLUSION**

For the reasons stated above, the Court GRANTS Plaintiff Grinnell's Amended Bill of Costs. Defendants are to reimburse Plaintiff in the amount of $11,584.74.00.

**IT IS SO ORDERED.**

 

Harry D. Leinenweber, Judge
United States District Court

Dated: 1/23/2024